**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-10262 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00173-LRH-CWH-1 |
| v. | |
| RANDOLPH BURLESON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted July 13, 2020
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and TAGLE,** District Judge.

Randolph Burleson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Burleson to 57 months of imprisonment to be followed by three years of supervised release. Burleson appeals his conviction and sentence. We affirm.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

1. Burleson challenges the district court's denial of his motion to suppress the firearm found in his possession. He argues that the officers did not have reasonable suspicion to detain him, and even if they did, the use of force and handcuffing ripened the detention into an arrest. We review reasonable suspicion determinations de novo and factual findings for clear error. *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc).

The officers reasonably relied on several factors to detain Burleson, including Burleson being in a designated high-crime zone late at night; appearing lost and avoiding lighted areas; observing a couple until he saw the officers, at which point he walked away; taking flight after an officer called out to him; and continuously holding his right hand near his front waistband before and during the chase. Considering the totality of the circumstances, Burleson's conduct in a high-crime area gave rise to reasonable suspicion and thus justified the stop. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129–30 (9th Cir. 2000) (en banc).

Further, the detention did not ripen into an arrest. The stop was indeed intrusive, as being tackled and handcuffed is a serious restriction of one's liberty. *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982). However, the officers were justified in handcuffing Burleson because he took flight in a high-crime area at night, and the continued placement of his right hand near his front waistband reasonably suggested to the officers that he may be holding a weapon.

2

*See Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996). Accordingly, the district court properly denied the motion to suppress.

2. Next, Burleson challenges the validity of his conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

We first reject Burleson's argument that the indictment's failure to allege the mens rea element—that he knew of his felon status—deprived the district court of jurisdiction. The omission of an element in the indictment does not affect jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

We also reject Burleson's argument that the indictment's omission renders his guilty plea invalid. A claim of defective indictment that is raised for the first time on appeal is reviewed for plain error. *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002). Under the plain error standard, relief is not warranted unless there has been (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id*. (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

In proceeding to the third and fourth prongs, Burleson fails to show plain

error.[1] The record fails to establish a reasonable probability that he would not have pled guilty had the indictment not omitted the knowledge-of-status element. Further, there is overwhelming evidence that Burleson knew of his felony status. He had been convicted of thirteen felony offenses prior to the time of possession, including a felony offense for possession of firearm by convicted felon.

3. Finally, Burleson challenges the imposition of Standard Condition 12 of supervised release, which provides: "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk." We review a district court's order of a supervised release condition that is challenged for the first time on appeal for plain error. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012).

In *United States v. Magdirila*, 962 F.3d 1152, 1158 (9th Cir. June 23, 2020), a risk-notification condition[2] similar to Standard Condition 12 was struck down. However, *Magdirila* also held: "On remand, the district court may wish to consider

---

[1] Burleson urges us to classify the error as structural. We find this argument forfeited because it was raised for the first time in the reply brief. *See United States v. Kelly*, 874 F.3d 1037, 1051 n.9 (9th Cir. 2017).

[2] "As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications."

the language in United States Sentencing Guideline Manual § 5D1.3(c)(12),[3] which suggests that a defendant's notification obligations should be limited to specific persons regarding specific risks posed by the defendant's criminal record." *Id*. at 1159 (emphasis omitted); *see also United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018) (approving the language in the Sentencing Guidelines). Because the language of Standard Condition 12 is nearly identical[4] to that of the risk-notification condition in the Guidelines, which was endorsed by *Magdirila*, we hold that the district court did not plainly err in imposing Standard Condition 12.

    **AFFIRMED**.

---

[3] "If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk."

[4] Only two minor differences exist between Standard Condition 12 and the Guidelines condition: Standard Condition 12 contains "you" (instead of "the defendant") and "must" (instead of "shall").